IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANCISCO LOPEZ ECHEVERRIA § | |
| MOVANT, § | |
| § | |
| v.  § | CASE NO. 3:19-CV-1581-L-BK |
| § | (CRIMINAL NO. 3:16-CR-421-L) |
| UNITED STATES OF AMERICA, § | |
| RESPONDENT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Francisco Lopez Echeverria's ("Lopez's") *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed here, the motion should be **DENIED**.

I.   BACKGROUND

On December 13, 2016, Lopez pled guilty to two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a)&(e), and was sentenced to an aggregate imprisonment term of 420 months—well below the advisory guideline range of 720 months. Crim. Doc. 42. Lopez filed a direct appeal, which the Court of Appeals for the Fifth Circuit dismissed as frivolous. *United States v. Lopez Echeverria*, 728 F. App'x 314 (5th Cir. 2018).

In his Section 2255 motion, Lopez alleges that (1) counsel was constitutionally ineffective in directing him to waive his pretrial hearings and coercing him into making decisions he did not understand, (2) the sentencing enhancements are unconstitutional, and (3) the government violated his Fourth Amendment rights by using "unlawful software tools." Doc. 2 at

4-8. The Government has filed a response opposing Section 2255 relief, to which Lopez has not replied. Doc. 11. Upon review, the Court concludes that Lopez's claims are vague and conclusory and/or procedurally defaulted and meritless. Thus, Lopez's Section 2255 motion should be denied.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Under Section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Ineffective Assistance of Counsel Claims Fail

To establish ineffective assistance of counsel, Lopez must demonstrate both that counsel's performance was deficient and that counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either the deficient performance or prejudice prongs defeats the claim. *Id.* at 697. Proving deficient performance requires showing that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The measure of counsel's performance in such cases is reasonableness under prevailing professional norms. *Id.* at 688. Establishing prejudice requires the movant to "show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the sentencing context, to establish prejudice, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel.

*Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

### 1. Claims of Ineffectiveness in the Trial Court Lack Merit

In ground one, Lopez asserts that he received ineffective assistance of counsel because counsel directed him to waive all pretrial hearings. Doc. 2 at 4. He claims that he was directed to do so despite having informed counsel that he was coerced into giving government investigators access to his computer and cell phone without knowing his Miranda rights. Doc. 2 at 4. In ground four, Lopez asserts counsel was ineffective for coercing him into accepting a plea agreement without making any (1) preliminary motions, including any "motions to suppress unlawful evidence, (2) investigations into the case, or (3) "objections to the PSR." Doc. 2 at 8.

Lopez's claims are devoid of factual enhancement, however, and his vague assertions that counsel rendered ineffective assistance are insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Lopez neither identifies the pretrial hearings he would not have waived nor explains why he would have been successful in those hearings. Doc. 2 at 4; Crim. Doc. 9 (*Waiver of Preliminary Hrg.*); Crim. Doc. 10 (*Waiver of Detention Hrg.*); Crim. Doc. 14 (*Indictment*).

Lopez's claims that counsel was ineffective for failing to (1) file a motion to suppress the allegedly unlawful evidence and (2) investigate his case are similarly vague and conclusory and, therefore, fail. An ineffective assistance claim based on counsel's failure to file a motion to suppress evidence requires showing that such a motion would have been meritorious. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Here, Lopez specifies neither the evidence counsel should have moved to suppress, nor why a motion to suppress would have been meritorious. Doc. 2 at 8. In claiming that counsel failed to adequately investigate his case,

Lopez must demonstrate with specificity both what the investigation would have revealed and how it would have benefitted him. See *United States v. Curtis*, 769 F.3d 271, 276-78. (5th Cir. 2014). Lopez wholly fails to do either. See Doc. 2 at 8.

Lopez makes additional unsupported claims that counsel used Lopez's lack of understanding "to dispense with the case expeditiously and according to counsel's own interest" and that counsel made no effort "to offer mitigating information in negotiating a favorable plea agreement." Doc. 2 at 8. Even if they were sufficient to state a claim, such vague assertions fail to establish deficient performance. See *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

Indeed, the record belies Lopez's assertions that counsel failed to negotiate a favorable plea bargain. Lopez's Plea Agreement to only two of the five counts of production of child pornography charged by the Indictment greatly limited his sentencing exposure. Crim. Doc. 14; Crim. Doc. 21. Because counsel negotiated a plea deal that limited Lopez's statutory exposure to 720 months incarceration, rather than the 1800 months (150 years) he faced, Lopez avoided the calculated Guideline Imprisonment Range of life. Crim. Doc. 33-1 at 12-13, *Presentence Report* (PSR) ¶¶ 62-63, 65. Moreover, at sentencing, counsel successfully argued several factors in mitigation of a guidelines sentence, including Lopez's youth, lack of criminal history or other victims, and cooperation with the Government's investigation of his case. Crim. Doc. 52 at 10-11, 14-15. And in light of the heinous conduct Lopez admitted, the Court's substantial downward departure to a prison term of only 420 months, leaves Lopez little room to complain. See Crim. Doc. 20 at 2-8, *Factual Resume*; Crim. Doc. 43 at 4, *Statement of Reasons*.

Finally, for the reasons stated here, Lopez also fails to demonstrate prejudice. He has not shown that having a preliminary hearing or a detention hearing (the only pretrial hearings the docket reflects he waived) could have changed the result of the proceeding, to-wit: his conviction upon his subsequent guilty plea. Likewise, Lopez has not demonstrated that he would have received a lesser sentence if, as he claims, counsel failed "to offer mitigating information in negotiating a favorable plea agreement." Doc. 2 at 8.

### 2. Claims of Ineffectiveness on Appeal Likewise Lack Merit

Lopez claims that counsel, "for whatever reason, decided that this issue, and all included issues herein, were not worthy of appeal." Doc. 2 at 4, 9. To the extent Lopez intends to assert that counsel was infective for failing to raise issues on appeal, he fails to demonstrate deficient performance or prejudice.

Upon counsel's filing of a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there were no non-frivolous issues for appeal, Lopez failed to file a response. Crim. Doc. 54 at 1. The Appellate court, upon review of counsel's *Anders* brief and the relevant portions of the record, likewise concluded "that the appeal present[ed] no nonfrivolous issue for appellate review." Crim. Doc. 54 at 1-2. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (when a petitioner asserts that appellate counsel erroneously failed to file a merits brief, he can satisfy the first part of the *Strickland* test by showing that a reasonably competent attorney would have found that at least one of his claims presented a non-frivolous issue). Because Lopez identifies no nonfrivolous issue that could have been raised on appeal, he cannot show that counsel rendered constitutionally ineffective assistance in failing to do so.

B.  **Remaining Claims Also Fail**

In grounds two and three, Lopez asserts that he was unconstitutionally "enhanced under 2B1 and 2B2," and that the government "used unlawful software tools" in violation of his Fourth Amendment rights. Doc. 2 at 5, 7. Once again, his claims are fatally vague and conclusory. Having failed to raise these claims on direct appeal, they are also procedurally defaulted absent a showing of both (1) cause excusing his procedural default and (2) actual prejudice resulting from the error. *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). An exception to the cause and prejudice requirement is reserved for the "extraordinary case…in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Shaid*, 937 F.2d at 232 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Here, Lopez meets neither the cause and prejudice, nor the actual innocence requirements.

Further, by knowingly and voluntarily pleading guilty, Lopez waived his right to challenge any non-jurisdictional defects, including the alleged illegal search and seizure claim raised in ground three. *See Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (citing *United States v. Bell*, 457 F.2d 1232, 1234 n.1 (5th Cir. 1972)). Additionally, insofar as Lopez challenges the application of the Sentencing Guidelines, his claim is not cognizable on Section 2255 review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (holding misapplication of sentencing guidelines does not give rise to a constitutional issue). Therefore, Lopez's unconstitutional enhancement and Fourth Amendment claims also fail.

III.  **EVIDENTIARY HEARING**

Lopez contends that he is entitled to an evidentiary hearing to resolve his claims. Doc. 2 at 12. However, "[w]hen the files and records of a case make manifest the lack of merit of a

Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))). Because Lopez's claims lack merit for reasons wholly supported by the record, as previously noted, no evidentiary hearing is required. *See United States v. McClinton*, 782 F. App'x 312, 314-15 (5th Cir. 2019) (per curiam) (affirming denial of evidentiary hearing where "contemporaneous evidence" at rearraignment conclusively negated movant's *post hoc* assertions).

### IV. CONCLUSION

For the foregoing reasons, Lopez's Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 23, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).